UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION



| | | |
|---|---|---|
| *In re:* | * | Chapter 7 |
| Fred Waters Allnutt | * | Case No. 08-26485 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEBTOR'S OBJECTION
TO THE COURT'S APRIL 12, 2010, ORDER
<u>DISMISSING CASE</u>**

**COMES NOW**, Plaintiff, Fred W. Allnutt, and files this Debtor's Objection To The Court's April 12, 2010, Order Dismissing Case, and in support thereof states the following:

For the reasons stated below, Debtor hereby states for record his Objection to this court's Order Dated April 12, 2010, Dismissing Debtor's Bankruptcy Case.

1. The so-called "Trustee's report" was never provided to Debtor by the Trustee, by the court, nor is it found on Pacer (See: Debtor's "Notice Of Error In Record And Request For The Record To Be Corrected (Dkt # 20)). Therefore, Debtor has been unable to determine exactly what the Trustee alleged in his "Report," how he stated his alledged claim, what he proffered to support his alleged claim, or why he waited a year to file his alleged claim.

2. Debtor, because he has never been provided a copy of the so-called "Trustee's Report," cannot fully respond to that alleged "Trustee's report."

3. Debtor was not afforded a fact-finding hearing prior to this court issuing its arbitrary dismissal of Debtor's Bankruptcy case.

4. There were no objections to Debtors' discharge, or motions to extend the time to object to Debtor's discharge, filed or pending on May 15, 2009, the "Last day to opposed Discharge" set by this court in its February 12, 2009, order.

5.  There were no objections to Debtors' discharge or motions to extend the time to object to Debtor's discharge filed or pending on the "Last day to opposed Discharge" established by *Fed. R. Bankr. P.* 4004(a), which sets the sixtieth day after the first date set for the meeting of creditors under 11 U.S.C.S. § 341(a) as the deadline to file a complaint objecting to discharge.

6.  None of the exceptions that could prevent the entry of a discharge, i.e., a complaint objecting to the discharge has been filed, *Fed. R. Bankr. P. 4004(c)(1)(B)*; a motion to dismiss under *11 U.S.C.S. § 707(b)* is pending, *Fed. R. Bankr. P. 4004(c)(1)(D)*; a motion to extend the time to object to discharge is pending, *Fed. R. Bankr. P. 4004(c)(1)(E)*; a motion to extend the time to file a motion to dismiss a case for abuse under *11 U.S.C.S. § 707(b) or (c)* is pending, *Fed. R. Bankr. P. 4004(c)(1)(F)*; a motion to delay or postpone discharge under *11 U.S.C.S. § 727(a)(12)* is pending, *Fed. R. Bankr. P. 4004(c)(1)(I)*; a motion to enlarge the time to file a reaffirmation agreement under *Fed. R. Bankr. P. 4008(a)* is pending, *Fed. R. Bankr. P. 4004(c)(1)(J)*; or, a presumption of undue hardship under *11 U.S.C.S. § 524(m)* has arisen, *Fed. R. Bankr. P. 4004(c)(1)(K)*), apply in this case.

7.  This court's assertion that Debtor failed to provide a copy of a Federal income tax return to the trustee pursuant to § 521(e)(2)(A) of Title 11 U.S.C." is unsupported by any fact in the record.

8.  This court's assertion that Debtor failed to "comply with the said instruction of the Court" is unsupported by any fact in the record.

9.  No "fact-finding" hearing was held where Debtor would have the opportunity to dispute, with testimony and facts, that the Trustee's alleged claim that Debtor did not comply will § 521(e)(2)(A) of Title 11 U.S.C. is erroneous.

10.   Rule 4004(a), Grant or Denial of Discharge, (a) Time for filing complaint objecting to discharge, provides that "the court shall grant the Debtor a discharge [not Dismissal] unless an objection to discharge was filed not later than 60 days following the first date set for the meeting of creditors under § 341(a)." No objection to Debtor's discharge and no motion to extend the time to object to Debtor's discharge was filed by the Trustee within the 60 time day time frame set out in Rule 4004(a), which time frame expired at the latest on May 15, 2009.

11.   Rule 4004(c) does not list § 521 (e)(2)(A) as cause for dismissing a debtor's bankruptcy case except unless, pursuant to § 4004(c)(L), "a motion is pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f)." There are no motions, either filed or pending, to delay discharge in this case.

12.   The Trustee's alleged filing of a so-called "Trustee's Report, possibly alleging that Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., one (1) year after the 341(a) meeting of creditors is not within the meaning, intent, or spirit of Bankruptcy law and procedures.

13.   This court's issuance of an Order Dismissing Debtor's Case prior to a hearing denied Debtor his due process rights.

14.   This court made a finding(s) of fact absence facts to support it finding(s).

15.   The Trustee did not file a 10-day statement before March 23, 2009 (the last date for filing a §704(b)(1) statement), which precluded the Trustee from seeking a dismissal of Debtor's case.

16.   Rule 1017 - Dismissal of an individual debtor's chapter 7 case, states:
   The court may dismiss...an individual debtor's case for abuse under § 707(b) only on motion and [only] after a hearing on notice to the debtor, the trustee, the United States trustee, and any other entity as the court directs.

17.   There are no claims of abuse in Debtor's bankruptcy case.

18. The Trustee never filed a motion to delay discharge, never filed an objection to discharge, never filed a motion to extend the time to object to Debtor's discharge, and never filed a motion to dismiss before the time frame set by Rule 4004 expired, or at any time thereafter.

19. Federal Rules of Bankruptcy Procedure, Rules 4004 and 9006 provide notice to the Trustee of the time limits in which to file a "report/motion/complaint" for dismissal. Moreover, this court's February 12, 2009, order clearly and explicitly set May 15, 2009, as the "Last day to oppose discharge."

20. There are no facts in the record of this case to support any alleged claim by the Trustee that Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C.

Respectfully Submitted,

_____
Fred W. Allnutt
10370 Baltimore National Pike
Ellicott City, Maryland 21042
(410-984-6476)

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May 2010, I served copies of this document by first class mail on Michael B. Rinn, Suite 4, 111 Warren Road, Cockeysville, Maryland, 21030; Marsden S. Furlow, P.O. Box 829, Arnold, Maryland 21012; Internal Revenue Service, Suite 1300, 31 Hopkins Plaza, Baltimore, Maryland 21201; and, Chase Card Services, Account Inquires, P.O. box 15298, Wilmington, Delaware 19850-5298.

_____
Fred W. Allnutt