UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:                                    *       Chapter 7

Fred W. Allnutt                           *       Case No. 08-26485

     Debtor.                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## SECOND AMENDED NOTICE OF APPEAL

Comes now, Fred Allnutt, the Debtor, pursuant to 28 U.S.C. Sec. 158(a), and files this A mended Notice of Appeal listing the judgments, orders, and decrees of this court being appealed. Copies of the judgments, orders, and decrees of being appealed are attached.

1. Order Denying Debtor's Objection to Court's Notice of Possible Dismissal of Case (Dkt #17).

2. Order Dismissing Case (Dkt # 19).

3. Memorandum of Decision (Dkt # 27).

4. Order Denying Motion for court to issue Finding of Fact and Conclusions of Law to Support its Dismissal of Debtor's Bankruptcy Case (Dkt # 32).

5. Order Denying Debtor's Motion to Alter or Amend Court's Order Dated April 12, 2010, Dismissal Case (Dkt # 33).

The names of all parties and trustee's to the judgments, orders, and decrees appealed and their names and addresses are as follows:

Michael B. Rinn
Suite 4, 111 Warren Road,
Cockeysville, Maryland, 21030

Marsden S. Furlow,
P.O. Box 829
Arnold, Maryland 21012

Chase Card Services
Account Inquires
P.O. box 15298
Wilmington, Delaware 19850-5298.

Internal Revenue Service
Suite 1300, 31 Hopkins Plaza
Baltimore, Maryland 21201

5-26-10
Date:

Fred W. Allnutt
10370 Baltimore National Pike
Ellicott City, Maryland 21042
(410-984-6476)

FILED
MAY 2 8 2010
CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

Entered: April 08, 2010
Signed: April 08, 2010
**DENIED
THIS OBJECTION IS OVERRULED FOR FAILURE TO STATE
A VALID OBJECTION.**



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

*In re:* • Chapter 7
Fred Waters Allnutt • Case No. 08-26485
    Debtor. •
*   *   *   *   *   *   *   *   *   *

### DEBTOR'S OBJECTION TO COURT'S
### NOTICE OF POSSIBLE DISMISSAL OF CASE

Comes now Fred Allnutt, Debtor, and files this Debtor's Objection To Court's Notice Of Possible Dismissal Of Case, and for this states as follows:

#### History

1.  On December 12, 2008, Debtor filed a petition commencing this case (Dkt. # 1).

2.  On December 12, 2008, the court filed a "Notice of Chapter 7 Bankruptcy Case Meeting of Creditors & Deadlines" setting a "Meeting of Creditors" date of January 13, 2009, and a "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" date of March 16, 2009 (Dkt. # 6).

3.  On January 13, 2009, Debtor attended the scheduled Meeting of Creditors which was continued because Debtor did not have available a second form of identification required by the Chapter 7 trustee.

4.  On February 6, 2009, as directed by Chapter 7 trustee, Debtor filed a Consent Motion To Extend Deadline To File Complaints Objecting To Discharge And Exemptions (Dkt. # 9).

5.  On February 12, 2009, this court issued an order granting Debtor's Consent Motion and setting May 15, 2009, as the last day to oppose discharge – the court's actually words, "Last day to oppose discharge is 5/15/09" (Dkt. # 10)

6.  On March 11, 2009, the 341(a) the first meeting of creditors was held (Dkt. #___).

Entered: April 12, 2010
Signed: April 09, 2010
**SO ORDERED**



Nancy V. Alquist
NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

In re:   Case No.:   08–26485 – NVA    Chapter: 7

Fred Waters Allnutt
10370 Baltimore National Pike
Ellicott City, MD 21042

## ORDER DISMISSING CASE FOR FAILURE
## TO PROVIDE REQUIRED TAX DOCUMENTS
## AND/OR PAY ADVICES AND NOTICE THAT
## AUTOMATIC STAY IS TERMINATED
### [For Individual Debtor(s)]

By notice of the Court dated March 12, 2010, the Debtor(s) was/were notified to provide to the trustee,

☐  A copy of the payment advices to the trustee pursuant to § 521(a)(1)(B)(iv) of Title 11 U.S.C. and Administrative Order 05–04,

☒  A copy of the Federal income tax return to the trustee pursuant to § 521(e)(2)(A) of Title 11 U.S.C.

The Debtor(s) has/have failed to comply with the said instructions of the Court, it is, therefore, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the above–captioned case is dismissed; and

ALL PARTIES ARE HEREBY NOTIFIED, that the automatic stay imposed by 11 U.S.C. § 362(a) is terminated.

cc:   Debtor(s)
      Attorney for Debtor(s) – PRO SE
      Chapter 7 Trustee – Michael G Rinn

*15.5 – csofinowski*



### End of Order

006923                                 20307006929020

GROUNDS NOT STATED

Date signed April 23, 2010

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

ORIGINAL

UNITED STATES BANKRUPTCY COURT
BALTIMORE DIVISION
BALTIMORE, MARYLAND

|  |  |  |
|---|---|---|
|  | * | Chapter 7 |
| Fred Waters Allnutt | * | Case No. 08-26485 |
| Debtor. | * |  |

### DEBTOR'S MOTION FOR ORDER CONFIRMING DISCHARGE

**Comes now** Fred Allnutt, Debtor, and files this Debtor's Motion For Order Confirming Discharge, and for this states as follows:

1. No objections to debtor's discharge were filed prior to the "Last day to oppose discharge" of "May 15, 2009," set by this court in its February 12, 2009, Order.

2. Rule 4004(a)[1], Grant or Denial of Discharge, (a) Time for filing complaint objecting to discharge, provides that the court shall grant the debtor a discharge unless an objection to discharge was filed not later than 60 days following the first date set for the meeting of creditors under § 341(a). No objection to discharge was filed within the required 60 day deadline established by Rule 4004, or on or before May 11, 2009.

3. Debtor complied with all of Debtor's duties as is evidenced by the fact that no motions or complaints objecting to Debtor's discharge were filed within the time frames established by Rule 4004 and this Court's February 12, 2009, Order.

4. The last day to file an objection to discharge pursuant to Rule 4004 was May 11, 2009, and the last day to file an objection to discharge pursuant to this courts February 12, 2009, Order was May 15, 2009.

---

[1] In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors under § 341(a).

Debtor's Motion For Order Confirming Discharge - Page 1of 2



Entered: May 14, 2010
Signed: May 14, 2010

**DENIED**

_____
NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:                                         *        Chapter 7
Fred Waters Allnutt                            *        Case No. 08-26485
          Debtor.                              *

* * * * * * * * * * * * * *

**MOTION FOR COURT TO ISSUE A FINDING OF FACTS AND
CONCLUSIONS OF LAW TO SUPPORT ITS
DISMISSAL OF DEBTOR'S BANKRUPTCY CASE**

**Comes now** Fred Allnutt, Debtor, and files this Motion For Court To Issue A Finding Of Facts And Conclusions Of Law To Support Its Dismissal Of Debtor's Bankruptcy Case, and for this states the following:

Debtor specifically requests that this court issue a finding of facts and conclusions of law so all parties, and any appellate court, will have a clear statement of the facts and law that this court used to support its Discharge of Debtor's Bankruptcy Case.

Respectfully Submitted,

_____
Fred W. Allnutt
10370 Baltimore National Pike
Ellicott City, Maryland 21042
(410-984-6476)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April 2010, I served copies of this document by first class mail on Micheal B. Rinn, Suite 4, 111 Warren Road, Cockeysville, Maryland, 21030; Marsden S. Furlow, P.O. Box 829, Arnold, Maryland 21012; Internal Revenue Service, Suite 1300, 31 Hopkins Plaza, Baltimore, Maryland 21201; and, Chase Card Services, Account Inquires, P.O. box 15298, Wilmington, Delaware 19850-5298.

_____
Fred W. Allnutt

Motion For Court To Issue A Finding Of Facts And Conclusions Of Law - Page 1 of 1

Entered: May 14, 2010
Signed: May 14, 2010
**DENIED**
**GROUNDS NOT STATED.**

Case 08-26485   Doc 33   Filed 05/14/10   Page 1 of 9

*[Seal of the United States Bankruptcy Court for the District of Maryland]*

Nancy V. Alquist
NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:                            *       Chapter 7
Fred Waters Allnutt               *       Case No. 08-26485
        Debtor.                   *

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**DEBTOR'S MOTION TO ALTER OR AMEND
THIS COURTS ORDER DATED APRIL 12, 2010,
DISMISSING CASE**

*[Stamped: DENIED]*

COMES NOW, Plaintiff, Fred W. Allnutt, pursuant to Bankruptcy Rule 9023, and hereby moves to Alter or Amend this Court's order dated April 12, 2010, and in support thereof says:

1. On December 12, 2008, Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. The meeting of creditors pursuant to 11 U.S.C. § 341 was held on March 11, 2009. The Trustee did not file an objection to Debtors' discharge under 11 U.S.C. § 521, 11 U.S.C. § 523 or 11 U.S.C. § 727, or a complaint, or a motion to extend the time to object to debtors' discharge, or a motion to dismiss Debtor's bankruptcy prior to the "Last day to oppose discharge" date of May 15, 2009, set by this court in its February 12, 2009, order.

2. On March 12, 2010, one year after the § 341 meeting of creditors, the Docket Text for Docket #12 alleges that the Trustee filed a so-called "Trustee's report" alleging that the Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C. However, that alleged "Trustee's report" is not found in Docket # 12 (as the Docket Text for Docket # 12 claims).

3. Moreover, the alleged "Trustee's report" has not been provided to the Debtor by the Trustee or the court, nor is it found on Pacer (See: Debtor's "Notice Of Error In Record And Request For The Record To Be Corrected (Dkt # 20)), Therefore, Debtor has no knowledge of what the Trustee alleges in his so-called "Trustee's report," how he stated his (false) claim, what he proffered therein to support his claim, or why he waited a year to file his (false) claim.

4.   Debtor is especially prejudiced by not having received that so-called "Trustee's report," by not being able to review that so-called "Trustee's report," and by not having the opportunity at a fact-finding hearing to dispute that so-called "Trustee's report."

5.   If the Trustee believes that the Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., then he should have canceled the scheduled 341(a) meeting of creditors before March 11, 2009, and filed a motion for an order of dismissal at that time, not one (1) year later.

6.   It is undisputed that no objection to Debtors' discharge or motion to extend the time to object to Debtors' discharge has been filed at any time in this case. Thus, the court was compelled to enter a discharge pursuant to *Fed. R. Bankr. P.* 4004(c) after the "Last day to opposed Discharge" expired. Chapter 7, *Fed. R. Bankr. P.* 4004(a) sets the sixtieth day after the first date set for the meeting of creditors under 11 U.S.C.S. § 341(a) as the deadline to file a complaint objecting to discharge. *Fed. R. Bankr. P.* 4004(c)(1) provides that when the deadline in *Fed. R. Bankr. P.* 4004(a) expires, the court shall forthwith grant the Debtor a discharge.

7.   The exceptions to the prompt entry of a discharge due to circumstances arising from actions taken by a party in interest other than the debtor arise when: (1) a complaint objecting to the discharge has been filed, *Fed. R. Bankr. P.* 4004(c)(1)(B); (2) a motion to dismiss under *11 U.S.C.S. § 707(b)* is pending, *Fed. R. Bankr. P.* 4004(c)(1)(D); (3) a motion to extend the time to object to discharge is pending, *Fed. R. Bankr. P.* 4004(c)(1)(E); (4) a motion to extend the time to file a motion to dismiss a case for abuse under *11 U.S.C.S. § 707(b)* or *(c)* is pending, *Fed. R. Bankr. P.* 4004(c)(1)(F); (5) a motion to delay or postpone discharge under *11 U.S.C.S. § 727(a)(12)* is pending, *Fed. R. Bankr. P.* 4004(c)(1)(I); (6) a motion to enlarge the time to file a reaffirmation agreement under *Fed. R. Bankr. P.* 4008(a) is pending, *Fed. R. Bankr. P.*

**Debtor's Motion to Alter or Amend Order - Page 2of 9**

*4004(c)(1)(J)*; or (7) a presumption of undue hardship under *11 U.S.C.S. § 524(m)* has arisen, *Fed. R. Bankr. P. 4004(c)(1)(K)*.

8.  However, in lieu of issuing Debtor a discharge pursuant to *Fed. R. Bankr. P.* 4004(c), this Court waited until eleven (11) months after the deadlines set forth in *Fed. R. Bankr. P. 4004(a)* expired, to issue its April 12, 2010, Order Dismissing Debtor's Bankruptcy Case.

9.  Section 521(e)(2)(A) of Title 11 U.S.C. states:

> (A) The debtor shall provide--(i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed.

10. The court asserts that it "notified [the Debtor] to provide...a copy of the Federal income tax return to the trustee pursuant to § 521(e)(2)(A) of Title 11 U.S.C.," and that the Debtor "failed to comply with the said instruction of the Court."

11. Debtor disputes that such instruction is included in this court's Notice Of Possible Dismissal Of Case. However, even if the court's "Notice" can be construed as an "instruction of the Court," this court is required by law to hold a hearing prior to dismissing Debtor's case to determine through the evidence provided whether or not Debtor complied with § 521(e)(2)(A).

12. Presently there are no facts in the record to support an Order of Dismissal. Debtor asserts that as a matter of law this court lacked authority to issue an Order Dismissing Debtor's bankruptcy case prior to a fact-finding hearing.

13. The Federal Rules of Bankruptcy Procedure set a short deadline for the filing of complaints by a party in interest objecting to a debtor's discharge in bankruptcy. *Fed. R. Bankr. P. 4004(a)*. The bankruptcy court is directed to forthwith grant a discharge to a debtor once the deadline for objecting to a discharge has expired. *Fed. R. Bankr. P. 4004(c)(1)*.

14. *Fed. R. Bankr. P. 4004* is the main procedural complement to the substantive

Debtor's Motion to Alter or Amend Order - Page 3 of 9

provisions of *11 U.S.C. § 727* of the Bankruptcy Code and the fresh start policy of federal bankruptcy law.

15. In a case under Chapter 7, *Fed. R. Bankr. P. 4004(a)* sets the sixtieth day after the first date set for the meeting of creditors under *11 U.S.C. § 341(a)* as the deadline to file a complaint objecting to discharge. The bankruptcy court may extend that deadline for cause, but <u>only on motion by a party in interest filed before the deadline has expired</u>. *Fed. R. Bankr. P. 4004(b)*.

16. The court cannot extend the deadline if the motion is filed after the deadline. *Fed. R. Bankr. P. 9006(b)(3)*. Again, *Fed. R. Bankr. P. 4004(c)(1)* provides that when the deadline in *Fed. R. Bankr. P. 4004(a)* expires, the court shall forthwith grant the Debtor a discharge.

17. The exceptions to the prompt entry of a discharge due to circumstances arising from actions taken by a party in interest other than the debtor arise when:

    (1)   a complaint objecting to the discharge has been filed *Fed. R. Bankr. P. 4004(c)(1)(B)*;

    (2)   a motion to dismiss under *11 U.S.C. § 707(b)* is pending *Fed. R. Bankr. P. 4004(c)(1)(D)*;

    (3)   a motion to extend the time to object to discharge is pending *Fed. R. Bankr. P. 4004(c)(1)(E)*;

    (4)   a motion to extend the time to file a motion to dismiss a case for abuse under *11 U.S.C.S. § 707(b) or (c)* is pending *Fed. R. Bankr. P. 4004(c)(1)(F)*;

    (5)   a motion to delay or postpone discharge under *11 U.S.C.S. § 727(a)(12)* is pending *Fed. R. Bankr. P. 4004(c)(1)(I)*;

    (6)   a motion to enlarge the time to file a reaffirmation agreement under *Fed. R. Bankr. P. 4008(a)* is pending *Fed. R. Bankr. P. 4004(c)(1)(J)*;

    (7)   a presumption of undue hardship under *11 U.S.C.S. § 524(m)* has arisen *Fed. R. Bankr. P. 4004(c)(1)(K)*.

18. Rule 4004(a)[1], Grant or Denial of Discharge, (a) Time for filing complaint objecting to discharge, provides that the court shall grant the Debtor a discharge unless an objection to discharge was filed not later than 60 days following the first date set for the meeting of creditors under § 341(a). (See also: § 4004(c)(L)). No objection to Debtor's discharge and no motion to extend the time to object to Debtor's discharge was filed by the Trustee within the 60 time day time frame set out in Rule 4004(a), which time frame expired at the latest on May 15, 2009.

19. Rule 4004(c) provides that a discharge should be entered as follows:

> In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless:
> 
> (A) the debtor is not an individual,
> (B) a complaint objecting to the discharge has been filed,
> (C) the debtor has filed a waiver under § 727(a)(10),
> (D) a motion to dismiss the case under Rule 1017(e) is pending,
> (E) a motion to extend the time for filing a complaint objecting to discharge is pending,
> (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending, or
> (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.
> (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management as required by Rule 1007(b)(7);
> (I) a motion to delay or postpone discharge under § 727(a)(12) is pending;
> (J) a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;
> (K) a presumption has arisen under § 524(m) that a reaffirmation agreement is an undue hardship; or
> (L) a motion is pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

20. Rule 4004(c) does not list, nor does any other rule list, § 521 (e)(2)(A) as cause for a court to not grant a debtor a discharge except, as noted in § 4004(c)(L), when "a motion is

---

[1] In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors under § 341(a)....

Debtor's Motion to Alter or Amend Order - Page 5 of 9

pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f)."

21. The intent of Rule 4004 is to make finite the Trustee's opportunity to object to the debtor's discharge so as to allow the bankruptcy court to enter the chapter 7 discharge "forthwith," thereby fulfilling Congress's intent to provide the debtor with finality and certainty in relief from financial distress.

22. Assuredly, the Trustee's filing of his so-called "report" alleging that the Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C. one (1) year after the 341(a) meeting of creditors is not within the meaning, intent, or spirit of Bankruptcy law and procedures.

23. Indeed, this court's issuance of an Order Dismissing Debtor's Case prior to holding a hearing, denied Debtor his due process rights, and it puts this court in the position of making a finding of fact absence a fact-finding hearing.

24. Moreover, pursuant to 11 U.S.C. §704(b)(1)[2], the Trustee is required to review all materials filed by the debtor and, not later than 10 days after the meeting of creditors, file a "10-day statement" as to whether debtor's case would be presumed to be an abuse." The 10-day statement is a prerequisite for the Trustee to file a motion to dismiss or convert under §707(b)(2)[3].

25. The Trustee did not file a 10-day statement before March 23, 2009 (the last date for filing a §704(b)(1) statement), which precludes the Trustee from now seeking a Dismissal.

26. Moreover, the Trustee never filed a motion to delay discharge, never filed an objection

---

[2] [T]he United States trustee…shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under § 704(b).

[3] The United States trustee (or bankruptcy administrator, if any) shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee (or the bankruptcy administrator, if any) does not consider such a motion to be appropriate…

Debtor's Motion to Alter or Amend Order - Page 6 of 9

to discharge, never filed a motion to extend the time to object to Debtor's discharge, and never filed a motion to dismiss before the time frames set by Rule 4004, and this court's February 12, 2009, order expired (or any time thereafter), which makes his so-called "Trustee's report," allegedly filed on March 12, 2010, untimely and unsupportable at law.

27. Rule 1017(e)(1) states:

> (1) Except as otherwise provided in § 704(b)(2), a motion to dismiss a case for abuse under § 707(b) or (c) may be filed only within 60 days after the first date set for the meeting of creditors under § 341(a), unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss. The party filing the motion shall set forth in the motion all matters to be considered at the hearing. In addition, a motion to dismiss under § 707(b)(1) and (3) shall state with particularity the circumstances alleged to constitute abuse.

28. House Report No. 109-31, Pt. 1, 109th Cong., 1st Sess. 140 (2005) states in pertinent part: Section 102(c) of the BAPCPA [2005] Act amends section 704 of the Bankruptcy Code to require the United States trustee or bankruptcy administrator in a chapter 7 case where the debtor is an individual to: (1) review all materials filed by the debtor; and (2) file a statement with the court (within ten days following the meeting of the creditors held pursuant to section 341 of the Bankruptcy Code) as to whether or not the debtor's case should be presumed to be an abuse under section 707(b). . . . Within 30 days of the filing of such statement, the United States trustee or bankruptcy administrator must file either: (1) a motion under section 707(b); or (2) a statement setting forth the reasons why such motion is not appropriate in any case where the debtor's filing should be presumed to be an abuse. . . . ".

29. Rule 1017 - Dismissal of an individual debtor's chapter 7 case, also applies:

> The court may dismiss...an individual debtor's case for abuse under § 707(b) only on motion and [only] after a hearing on notice to the debtor, the trustee, the United States trustee, and any other entity as the court directs.

30. The Trustee failed to diligently pursue Debtor's case, failed to follow bankruptcy law, fail to file a 704(b) statement, failed to file a motion to delay discharge, failed to file an objection

to discharge, failed to file a motion to extend the time to object to Debtor's discharge, and failed to file a motion to dismiss within the time frames set by law and this court, or at anytime thereafter, and is now prejudicing Debtor with an unlawful action.

31. Courts have ruled that the unequivocal time limits established by the Bankruptcy Rules are to be strictly construed, and that any deviation from those time limits is seldom acceptable, even if the result appears to be burdensome or harsh under the circumstances. See, Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997).

32. In In re Brayshaw, 912 F.2d 1255, 1257 (10thCir. 1990) the Appellate Court, speaking of the time frames established by the Bankruptcy Rules, stated: "that is a matter for the drafters of the bankruptcy rules, who appear to have thought precise time limitations were important."

33. The Federal Rules of Bankruptcy Procedure set a short deadline for objecting to a debtor's discharge. *Fed. R. Bankr. P. 4004(a)*. In a case under Chapter 7, *Fed. R. Bankr. P. 4004(a)* sets the sixtieth day after the first date set for the meeting of creditors under *11 U.S.C.S. § 341(a)* as the deadline to object to discharge. The bankruptcy court may extend that deadline for cause, but only on motion by a party in interest filed before the deadline has expired. *Fed. R. Bankr. P. 4004(b)*. The court cannot extend the deadline if a "report/motion/complaint" is filed after the deadline for filing expires. *Fed. R. Bankr. P. 9006(b)(3)*.

34. Federal Rules of Bankruptcy Procedure, Rules 4004 and 9006, inform all parties in interest, which includes Trustee Michael G. Rinn, of the time within which they are required to file a "report/motion/complaint" for dismissal in Debtor's Bankruptcy Case. As a chapter 7 Trustee, Michael G. Rinn should be aware of Bankruptcy Rules 4004 and 9006.

35. Even if Trustee Michael G. Rinn is not aware of the implicit time frames set out in the Bankruptcy Rules, this court's February 12, 2009, order setting May 15, 2009, as the "Last day to

oppose discharge" provided ample notice of the last date to oppose discharge, or seek a dismissal.

36. The bottom line is that the record shows that the Debtor cooperated with the Trustee in providing all documents requested and that no motions were filed or pending in this case on the "last day to oppose discharge" date of May 15, 2009, set by this court. Hence, the Trustee lacks authority to move the court, in any form, for dismissal of Debtor's bankruptcy.

37. Actually, there are no facts or law to support the alleged filing of the so-called "Trustee's report," and no facts to support the Trustee's alleged claim that Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., or to support an order of dismissal in this case.

WHEREFORE, Plaintiff respectfully requests that this Court Alter or Amend its Order by:

A. Reopening Debtor's Bankruptcy Case;

B. Requiring Trustee Michael G. Rinn to provide Debtor a copy of his so-called "report"; and,

C. Setting a Hearing Date so Debtor can present testimony and evidence to show that Trustee Michael G. Rinn alleged "report" is incorrect.

Respectfully Submitted,

Fred W. Allnutt
10370 Baltimore National Pike
Ellicott City, Maryland 21042
(410-984-6476)

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April 2010, I served copies of this document by first class mail on Michael B. Rinn, Suite 4, 111 Warren Road, Cockeysville, Maryland, 21030; Marsden S. Furlow, P.O. Box 829, Arnold, Maryland 21012; Internal Revenue Service, Suite 1300, 31 Hopkins Plaza, Baltimore, Maryland 21201; and, Chase Card Services, Account Inquires, P.O. box 15298, Wilmington, Delaware 19850-5298.

Fred W. Allnutt