UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| *In re:* | * | Chapter 7 |
| Fred Waters Allnutt | * | Case No. 08-26485 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEBTOR'S MOTION FOR STAY OF JUDGMENTS, ORDERS,
AND DECREES OF THIS COURT PENDING FINALITY OF APPEAL**

Comes now Debtor, Fred Allnutt, pursuant to Title 11 USC § 8005, and moves this Court to enter an order staying its judgments, orders, and decrees in this case pending finality of Debtor's appeal, and for this states as follows:

### HISTORY

1. On December 12, 2008, Debtor filed a petition commencing this case (Dkt. # 1).

2. On December 12, 2008, this court filed a "Notice of Chapter 7 Bankruptcy Case Meeting of Creditors & Deadlines" setting a "Meeting of Creditors" date of January 13, 2009, and a "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" date of March 16, 2009 (Dkt. # 6).

3. On January 13, 2009, Debtor attended the scheduled Meeting of Creditors which was continued because Debtor did not have available a second form of identification required by the Chapter 7 trustee.

4. On February 6, 2009, as directed by Chapter 7 trustee, Debtor filed a Consent Motion To Extend Deadline To File Complaints Objecting To Discharge And Exemptions (Dkt. # 9).

5. On February 12, 2009, this court issued an order granting Debtor's Consent Motion and setting May 15, 2009, as the last day to oppose discharge – the court's actually words, "Last day to oppose discharge is 5/15/09" (Dkt. # 10).

6. On March 11, 2009, the 341(a) the first meeting of creditors was held (Dkt. #___).

7. On March 12, 2010, this court issued a "Notice Of Possible Dismissal Of Case," which is the actual document found under Docket # 12.

8. On March 23, 2010, Debtor filed an Objection to the Court's Notice of Possible Dismissal of Case (Dkt. # 14).

9. On March 25, 2010, this court issued a "Notice of Hearing (related document(s) 12 Trustee's Report of Debtor(s) Non-Compliance with Section 521 filed by Trustee, Michael G Rinn, 14 Objection filed by Debtor Fred Waters Allnutt). Hearing scheduled for 5/26/2010 at 02:00 PM at Courtroom 2-A, Baltimore - Judge Alquist. (Oliver, Y) (Entered: 03/25/2010)" (Dkt # 15).

10. On April 8, 2010 this court denied Debtor's Objection the Court's Notice of Possible Dismissal of Case (Dkt. # 17).

11. On April 12, 2010, prior to the scheduled hearing, and without Debtor a hearing, this court dismissed Debtor Bankruptcy Case (Dkt. # 19).

12. On April 14, 2010, Debtor noticed the court that the Docket was in error (Dkt. # 20). The court has not ordered that the court record be corrected.

13. On April 14, 2010, Debtor filed a Motion for Order Confirming Discharge (Dkt. # 21).

14. On April 15, 2010, Debtor filed a Response to the non-existent "Trustee's Report" allegedly filed by the Trustee (Dkt. # 24).

15. On April 20, 2010, Debtor filed a Motion to Alter or Amend this Courts Order Dated April 12, 2010, Dismissing Case (Dkt. # 26).

16. On April 26, 2010, this court issued what it termed a "Memorandum of Decision" that neither confirmed nor denied Debtor's Motion for Order Confirming Discharge (Dkt. # 27).

17. On May 4, 2010 Debtor filed a Motion For Court To Supply Debtor With A Copy Of Trustee's Report Or, In The Alternative, Order the Trustee to Provide Debtor a Copy (Dkt. # 29).

18.     On May 4, 2010, Debtor filed a Motion (Dkt. # 30) requesting the Court to issue a finding of facts and conclusions of law to support its Memorandum of Decision (Opinion) Filed On April 26, 2010 (Dkt. # 27).

19.     On May 4, 2010, Debtor filed an Objection to the Court's April 12, 2010, Order Dismissing Case (Dkt. # 31).

20.     On May 14, 2010, this court issued an Order denying Debtor's Motion For Court To Issue A Finding Of Facts And Conclusions Of Law To Support Its So-called Memorandum of Decision (Opinion) Filed On April 26, 2010 (Dkt. # 32).

21.     On May 14, 2010, this court issued an Order denying Debtor's Motion to Alter or Amend this Courts Order Dated April 12, 2010, Dismissing Case (Dkt. # 33).

22.     Concomitant with this filing, Debtor file a Notice of Appeal (Dkt. # ___ ).

## ARGUMENT

23.     One year after the § 341 meeting of creditors, and over ten (10) months after the time fixed by this court as the "last day to oppose discharge," the Docket alleges that the Trustee filed a report:

> The Trustee hereby reports that the Debtor(s) has/have not complied with all filing requirements under 11 U.S.C. Sec. 521(e) (2)(A) by failing to provide the Trustee with tax returns. Filed by Michael G Rinn. (Rinn, Michael) (Entered: 03/12/2010) (Docket Text under Dkt. # 12)

24.     That so-called "Trustee's Report"[1] is not existing in Docket # 12 or anywhere else in the Docket and the Trustee has not provided a copy to Debtor even through Debtor has requested a copy on two occasions by letters April 12, 2010, and May 3, 2010 (See: Affidavit of Fred W. Allnutt filed concomitant with this Motion).

---

[1] The Docket text for Dkt. # 13 states in pertinent part, (…related document(s) "12 **Trustee's Report** of Debtor(s) Non-Compliance with Section 521 filed by Trustee Michael G Rinn)." (Bolding added).

25. Since that so-called "Trustee's Report" is not existing in the court docket, and since the Trustee has not (evidently he cannot) provided a copy to Debtor, it must not exist.

26. Rule 4004(a), Grant or Denial of Discharge, (a) Time for filing complaint objecting to discharge, provides that the court shall grant the debtor a discharge unless an objection to discharge was filed "within 60 days after the first date set for the meeting of creditors under §341(a). No complaint objecting to discharge was ever filed by the Trustee or anyone else.

27. Rule 4004(c) provides that a discharge should be entered as follows:

> In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless:
>
> (A) the debtor is not an individual,
> (B) a complaint objecting to the discharge has been filed,
> (C) the debtor has filed a waiver under § 727(a)(10),
> (D) *a motion to dismiss the case under Rule 1017(e) is pending,*
> (E) a motion to extend the time for filing a complaint objecting to discharge is pending,
> (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending, or
> (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.
> (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management as required by Rule 1007(b)(7);
> (I) a motion to delay or postpone discharge under § 727(a)(12) is pending;
> (J) a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;
> (K) a presumption has arisen under § 524(m) that a reaffirmation agreement is an undue hardship; or
> (L) a motion is pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

28. Rule 4004(c) does not list § 521 (e)(2)(A) of Title 11 U.S.C. as a cause for a court to not grant a discharge unless, as stated in 4004 (c)(L), "a motion is pending to delay discharge." No 4004 (c)(L) motion has been filed in this case.

29. Section 521 (e)(2)(A) of Title 11 U.S.C. states:

> The debtor shall provide-- (i) <u>not later than 7 days before the date first set for the first meeting of creditors,</u> to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed;

30. Assuredly, if the Trustee believed that Debtor had failed to comply with § 521 (e)(2)(A) of Title 11 U.S.C., then the time for the Trustee to make a complaint to the court would have been either prior to or immediately after the 341 meeting of creditors, not twelve (12) months after that meeting was held, and not ten (10) months after the May 15, 2010, time frame set by this court as the "last day to oppose discharge" had expired.

31. Rule 1017(e), Dismissal of an individual debtor's chapter 7 case, also applies in this instance:

> The court may dismiss or, with the debtor's consent, convert an individual debtor's case for abuse under § 707(b) only on motion and after a hearing on notice to the debtor, the trustee, the United States trustee, and any other entity as the court directs.
>
> (1) Except as otherwise provided in § 704(b)(2), a motion to dismiss a case for abuse under § 707(b) or (c) may be filed only within 60 days after the first date set for the meeting of creditors under § 341(a), unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss. The party filing the motion shall set forth in the motion all matters to be considered at the hearing. In addition, a motion to dismiss under § 707(b)(1) and (3) shall state with particularity the circumstances alleged to constitute abuse.
>
> (2) If the hearing is on the court's own motion, notice thereof shall be served on the debtor not later than 60 days [after] the first date set for the meeting of creditors under § 341(a). The notice shall set forth all matters to be considered by the court at the hearing.

32. On March 25, 2010, this court granted the constitutionally required hearing (Dkt # 15)[2] to consider the merits of the alleged claim that Debtor had failed to comply with § 521 (e)(2)(A) of Title 11 U.S.C., but, on April 12, 2010, some forty-four (44) days prior to the May 26, 2010,

---

[2] Notice of Hearing (related document(s) 12 Trustee's Report of Debtor(s) Non-Compliance with Section 521 filed by Trustee, Michael G Rinn, 14 Objection filed by Debtor Fred Waters Allnutt). Hearing scheduled for 5/26/2010 at 02:00 PM at Courtroom 2-A, Baltimore - Judge Alquist. (Oliver, Y) (Entered: 03/25/2010) (Docket Text for Docket # 15)

hearing date, this court sua sponte, without a motion being filed by any party, dismissed Debtor's Bankruptcy Case (Dkt. # 19)

33. Moreover, this court dismissed Debtor's Bankruptcy Case without ever producing a copy, and without Debtor ever receiving a copy of the so-called "Trustee's Report," without any verified facts in the record to support whatever that report may claim, without any verified facts in the record to support a dismissal, without the constitutionally required hearing wherein Debtor could demonstrate that he had complied § 521 (e)(2)(A) of Title 11 U.S.C., and denied Debtor the opportunity to show that any alleged claim, that Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., if it there is such a claim, is erroneous.

34. Debtor files concomitant with this motion his "Affidavit Of Fred W. Allnutt In Support Of Debtor's Motion To Stay Judgments, Orders, And Decrees In This Case Pending Finality Of Appeal."

## CONCLUSION

35. The Supreme Court has issued a unanimous opinion in *Kontrick v. Ryan*, ___ U.S.___, 124 S.Ct. 906, ___ L.Ed.2d ___ (2004), on certiorari from the Seventh Circuit, *In re Kontrick*, 295 F.3d 724 (7th Cir.) (Norton Bankr. L. & Practice 2d §47:68). Justice Ginsburg authored the Court's opinion, describing the issue as one that concerns the duration of a right to object to a pleading on the ground that it was filed out of time. Bankruptcy Rule 4004(a) fixes a 60-day time limit from the first date set for the meeting of creditors to file objections to discharge. Bankruptcy Rule 4004(b) limits the court's authority to extend that time only upon a motion filed before the time has expired. Bankruptcy Rule 9006(b)(3) further restricts the court's extension authority only to the extent and under the conditions stated in [certain] rules, including Rule 4004(a).

36. The Court's opinion in <u>Kontrick</u> points out that Congress established the jurisdiction of

bankruptcy courts, including its description of core proceedings, in 28 U.S.C.A. §157(b)(2). §727(a) and 523(a) of the Bankruptcy Code. The court acknowledged that these sections do not specify a time within which complaints under those sections must be filed, but found that those time limits are found in Bankruptcy Rules 4004(a) and 4007(c). The 60-day time limitation is the same in both Rules.

37. Specifically looking at Rules 4004(a) and 9006(b)(3), the Court outlined three purposes of those Rules: (1) to inform the objecting creditor of the time within which to file a complaint; (2) to instruct the court on its discretionary limits for enlarging that time; and (3) to afford an affirmative defense to a complaint filed outside the time limit set forth in Rule 4004(a) and (b).

38. So, we now know that Rule 4004, and Rule 4007 by implication, do not impose subject-matter jurisdictional limits on the bankruptcy court's authority to hear untimely filed complaints concerning objections to discharge, or to the dischargeability of debts, no complaint was filed here by the Trustee.

39. Here, there are no objections, complaints, or pleading objecting to Debtor's discharge, no motions to extend time to file an objection, complaint, or pleading to Debtor's discharge, and no motions to dismiss Debtor's bankruptcy filed within the 60 days time frame set in 4004(a) and 4007(c), or on or before the May 15, 2009, "last day to oppose discharge" date set by this court in its February 12, 2009 order (Dkt # 12). Hence, this court lacked adjudicatory authority to dismiss Debtor's bankruptcy.

40. After the time to oppose discharge fixed by Rule 4004(a)3 expired, this court failed to

---

[3] In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors under § 341(a)....

"forthwith" grant a discharge to Debtor.

41. The so-called "Trustee's Report" upon which this court's Order of Dismissal is based evidently does not exist – it does not exist in the court record, and the Trustee has failed to provide Debtor a service copy even through Debtor asked the Trustee to provide it twice via written letters. There are no verified facts in the record to support the alleged filing of the so-called "Trustee's Report," no verified facts in the record to support the Trustee's alleged claim that Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., and no verified facts in the record to support this court's dismissal of Debtor's bankruptcy case. Moreover, this court did not provide Debtor the constitutionally required "due process hearing" so Debtor could show that any claim that Debtor failed to comply with § 521(e)(2)(A) of Title 11 U.S.C. is erroneous.

42. "We have emphasized time and again that '[t]he touchstone of due process is protection of the individual against arbitrary action of government,'" Wolff v. McDonnell, 418 U.S. 539, 558 (1974), whether the fault lies in a denial of fundamental procedural fairness, see, e.g., Fuentes v. Shevin, 407 U.S. 407 U.S. 67, 82 (1972) (the procedural due process guarantee protects against "arbitrary takings"), or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective, see, e.g., Daniels v. Williams, 474 U.S., at 331 (the substantive due process guarantee protects against government power arbitrarily and oppressively exercised).

43. The due process clause is among the substantive rights the Supreme Court was referring to in Miranda v. United States. In Fuentes v. Shevin, Attorney General of Florida, et al, (1972) 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed. 2d 556, Supreme Court justices addressed essentials of the due process clause as it appears in the Fifth and Fourteenth Amendments:

> [***HR3] [***HR4] For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be

heard; and in order that they may enjoy that right they must first be notified." Baldwin v. Hale, 1 Wall. 223, 233. See Windsor v. McVeigh, 93 U.S. 274; Hovey v. Elliott, 167 U.S. 409; Grannis v. Ordean, 234 U.S. 385. [***570] It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552.

[***HR5] [***HR6] The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not [*81] only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment -- to minimize substantively unfair or mistaken deprivations of property, a danger that is especially great when the State seizes goods simply upon the application of and for the benefit of a private party. So viewed, the prohibition against the deprivation of property without due process of law reflects the high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his, free of governmental interference. See Lynch v. Household Finance Corp., 405 U.S. 538, 552.

[***HR7] The requirement of notice and an opportunity to be heard raises no impenetrable barrier to the taking of a person's possessions. But the fair process of decision-making that it guarantees works, by itself, to protect against arbitrary deprivation of property. For when a person has an opportunity to speak up in his own defense, and when the State must listen to what he has to say, substantively unfair and simply mistaken deprivations of property interests can be prevented. It has long been recognized that "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights. ... [And n]o better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it." Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 170-172 (Frankfurter, J., concurring).

[***HR8] If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possessions can be returned to him if they were unfairly or mistakenly [**1995] taken in the first place. Damages may even be [*82] awarded to him for the wrongful deprivation. But no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred. [***571] "This Court has not ... embraced the general proposition that a wrong may be done if it can be undone." Stanley v. Illinois, 405 U.S. 645, 647.

[***HR9] [***HR10] This is no new principle of constitutional law. The right to a prior hearing has long been recognized by this Court under the Fourteenth and Fifth Amendments. Although the Court has held that due process tolerates variances in the form of a hearing "appropriate to the nature of the case," Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 313, and "depending upon the importance of the interests involved and the nature of the subsequent proceedings [if any]," Boddie v.

Connecticut, 401 U.S. 371, 378, the Court has traditionally insisted that, whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect. E. g., Bell v. Burson, 402 U.S. 535, 542; Wisconsin v. Constantineau, 400 U.S. 433, 437; Goldberg v. Kelly, 397 U.S. 254; Armstrong v. Manzo, 380 U.S., at 551; Mullane v. Central Hanover Tr. Co., supra, at 313; Opp Cotton Mills v. Administrator, 312 U.S. 126, 152-153; United States v. Illinois Central R. Co., 291 U.S. 457, 463; Londoner v. City & County of Denver, 210 U.S. 373, 385-386. See In re Ruffalo, 390 U.S. 544, 550-551. "That the hearing required by due process is subject to waiver, and is not fixed in form does not affect its root requirement that an individual be given an opportunity for a hearing before he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." Boddie v. Connecticut, supra, at 378-379 (emphasis in original).

44. Here, this court made a "secret, one-sided determination of facts decisive of rights" without Debtor ever receiving a service copy of the alleged "Trustee's Report" (which "Trustee's Report" does not exist in the court record), and without providing Debtor the constitutionally required due process hearing.

45. The untimeliness of the alledged "Trustee's Report," the Trustee's failure to provide Debtor a service copy of his "Trustee's Report," this court's failure to order the Trustee to provide Debtor a copy of his "Trustee's Report" (See: Dkt. # 20), this court's failure to docket a copy of the "Trustee's Report." and this court's failure to afford Debtor a procedural due process hearing so Debtor could establish his compliance with § 521(e)(2)(A) of Title 11 U.S.C., individually and collectively make this court's dismissal of Debtor's bankruptcy a "secret, one-sided determination of facts decisive of rights."

46. A stay of the proceeding in this case is warranted pending finality of appeal because:
    (1) Debtor has a high likeliness of success on the merits of the issues on Appeal;
    (2) Debtor will suffer irreparable harm if the court denies this motion to stay;
    (3) There is likelihood that others will be harmed if the court fails to grant this motion to stay, and
    (4) The public has an interest in the granting a stay.

47. Moreover, for this court to not grant Debtor an order staying the judgments, orders, and decrees in this case pending finality of appeal, would be a great injustice to Debtor as

Debtor's rights would be completely unprotected and cause Debtor to suffer irreparable harm while on Appeal.

**Wherefore**, Debtor moves this court to enter an order staying the judgments, orders, and decrees in this case pending finality of appeal.

Respectfully Submitted,

_____
Fred W. Allnutt
10370 Baltimore National Pike
Ellicott City, Maryland 21042   (410-984-6476)


## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June 2010, I served copies of this document by first class mail on Micheal B. Rinn, Suite 4, 111 Warren Road, Cockeysville, Maryland, 21030; Marsden S. Furlow, P.O. Box 829, Arnold, Maryland 21012; Internal Revenue Service, Suite 1300, 31 Hopkins Plaza, Baltimore, Maryland 21201; and, Chase Card Services, Account Inquires, P.O. box 15298, Wilmington, Delaware 19850-5298.

_____
Fred W. Allnutt