UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| *In re:* | * | Chapter 7 |
| Fred Waters Allnutt | * | Case No. 08-26485 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AFFIDAVID OF FRED W. ALLNUTT IN SUPPORT OF
MOTION TO STAY JUDGMENTS, ORDERS, AND DECREES
IN THIS CASE PENDING FINALITY OF APPEAL**

Comes now, Fred Allnutt, Debtor, pursuant to Rule 56, and files this Affidavit Of Fred W. Allnutt In Support Of Debtor's Motion To Stay Judgments, Orders, And Decrees In This Case Pending Finality Of Appeal. I hereby declare the following to be true and correct upon personal knowledge:

1. My name is Fred W. Allnutt, Sr., and I am the Debtor in the above captioned case.

2. My name is Fred W. Allnutt, Sr., and I am the Plaintiff in the above captioned case.

3. I am executing this Affidavit in support of my Motion To Stay Judgments, Orders, And Decrees In This Case Pending Finality Of Appeal.

4. This Affidavit is based on the following facts which I know personally to be true and correct

5. Pursuant to Docket #'s 12, 13, 14, & 15, on 3/12/20 the Chapter 7 Trustee, Michael G Rinn, filed his "Trustee's Report" on March 12, 2010.

6. The Docket text for Docket # 12 claims to be that "Trustee's Report":

    "The Trustee hereby reports that the Debtor(s) has/have not complied with all filing requirements under 11 U.S.C. Sec. 521(e) (2)(A) by failing to provide the Trustee with tax returns. <u>Filed by Michael G Rinn</u>. (Rinn, Michael) (Entered: 03/12/2010) (Docket Text under Dkt. # 12)" (Underline added)

7. However, the "Trustee's Report" is not found under Docket # 12 or anywhere in the Docket.

8. The Trustee did not provide me a service copy of his "Trustee's Report."

9. By letters dated April 12, 2010, and May 3, 2010 (**Exhibits 1 & 2 respectively**), I notified the Trustee that he had failed to provide me a service copy of his "Trustee's Report."

10. As of this filing, the Trustee has not provided me a copy of his "Trustee's Report."

11. On April 14, 2010, I filed a "Notice Of Error In Record And Request For The Record To Be Corrected" (Dkt. # 20) noticing the court that the report "Filed by Michael G. Rinn" was not filed under Docket #12 as the Docket Text claimed. The court has not ruled on this Notice.

12. On May 4, 2010, I filed a Motion For Court To Supply Debtor With A Copy Of The Trustee's Report Or, In The Alternative, Order The Trustee To Provide Debtor A Copy (Dkt # 29). The court has not ruled on this Motion

13. On March 25, 2010, this court issued its "Notice of Hearing (related document(s) 12 Trustee's Report of Debtor(s) Non-Compliance with Section 521 filed by Trustee, Michael G Rinn, 14 Objection filed by Debtor Fred Waters Allnutt). Hearing scheduled for 5/26/2010 at 02:00 PM at Courtroom 2-A, Baltimore - Judge Alquist. (Oliver, Y) (Entered: 03/25/2010)." (Dkt # 15).

14. On April 12, 2010, this court issued an "Order Dismissing Case because of failure to provide required tax documents to the Trustee and Notice that Automatic Stay is Terminated. (Sofinowski, C) (Entered: 04/12/2010)" (Dkt # 19), which Order was issued some 44 days prior to "The hearing scheduled for 5/26/2010" (Dkt # 15).

15. This court denied me my constitutionally mandated hearing prior to dismissing my bankruptcy case based on the unsubstantiated claim that the I failed "to provide required tax documents to the Trustee.

16. This Court's assertion that I failed to provide a copy of a Federal income tax return to the trustee pursuant to § 521(e)(2)(A) of Title 11 U.S.C." stands unsupported by stipulated facts (facts verified by competent witnesses via testimony, affidavits, depositions or direct oral examination). Actually, if the "Trustee's Report" actually exists, it is unknown if it was verified.

17. The Trustee's "Trustee's Report," if it was actually filed, possibly alleging that I failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., one (1) year after the 341(a) meeting of creditors, is not within the meaning, intent, or spirit of Bankruptcy law and procedures.

18. The court's Order Dismissing Case stands unsupported by stipulated facts (facts verified by competent witnesses via testimony, affidavits, depositions or direct oral examination).

19. The court's Order Dismissing Case stands unsupported by affirmative law appearing in the record.

20. This court's issuance of an Order Dismissing my Bankruptcy Case prior to holding a hearing to determine the legitimacy of the alleged and still unproven Trustee's claim that I failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., allegedly stated in an apparently non-existent "Trustee's Report," denied me my procedural due process rights.

21. This court never rendered a written decision that includes findings of fact and conclusions of law to support its dismissal of my bankruptcy case.

22. This court has refused to provide conclusions of law and findings of fact to support its Notice of Dismissal (Dkt # 33).

_____
Fred W. Allnutt
10370 Baltimore National Pike
Ellicott City, Maryland 21042
(410-984-6476)

I swear and affirm under penalties of perjury pursuant to Title 28 U.S.C. § 1746 that the forgoing is true and correct upon personal knowledge, and that each document attached as an Exhibit to this document, is a true test copy of the original created or received by me.

_____
Fred W. Allnutt

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June 2010, I served copies of this document by first class mail on Micheal B. Rinn, Suite 4, 111 Warren Road, Cockeysville, Maryland, 21030; Marsden S. Furlow, P.O. Box 829, Arnold, Maryland 21012; Internal Revenue Service, Suite 1300, 31 Hopkins Plaza, Baltimore, Maryland 21201; and, Chase Card Services, Account Inquires, P.O. box 15298, Wilmington, Delaware 19850-5298.

_____
Fred W. Allnutt